IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NICHOLAS D. GWYN, PRO SE, | § | |
| TDCJ-CID #1198718, | § | |
| Former Potter County #122566, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:03-CV-0336 |
| | § | |
| MIKE SHUMATE, Sheriff, Potter Co. Jail, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff NICHOLAS D. GWYN, acting *pro se* and while a pre-trial detainee incarcerated in the Potter County Detention Center, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*. A month after filing suit, plaintiff was transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and housed at the Middleton Unit. Plaintiff appears to be presently housed in the Sanchez State Jail.

By his original complaint, as expanded by his March 19, 2004 response to the Court's Questionnaire at the second page of his answer to question no. 6, plaintiff claims the Potter County Detention Center was intermittently over-crowded for two months from mid-July to mid-September of 2003, with too few officers for the number of inmates, causing him to miss recreation and suffer fear, stress, unspecified physical suffering, and mental anguish. Plaintiff complains the mail was not picked up on Saturdays, but alleges no harm as a result. Plaintiff states the food servers didn't wear hair nets, causing him to miss several meals and lose an

unspecified amount of weight as a result.  Plaintiff also alleges the building is not safe for human habitation, but does not say how it is unsafe or what harm he suffered as a result.  Plaintiff claims he has not been allowed to use the law library because he was provided court-appointed counsel, causing him mental anguish from not being able to "look up [his] rights."  Also plaintiff claims he has been waiting ten months to go to court for trial.

Plaintiff requests injunctive relief to provide detainees a clean and safe environment, enough officers to insure the inmates' safety and recreation privileges, observance of proper health measures in food service, and a schedule for inmate use of the law library, as well as a non-biased and timely grievance system.  Plaintiff also requests monetary damages of $25,000.00 for pain, suffering, and mental anguish, punitive damages of $50,000.00, and costs of $150.00[1].

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.*

---

[1] See plaintiff's March 19, 2004 response to question no. 8 of the Court's Questionnaire.

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff filed suit in October of 2003 and was transferred to the Texas Department of Criminal Justice, Correctional Institutions Division the very next month. Plaintiff's transfer into state custody rendered his request for injunctive relief at the Potter County Detention Center moot.  *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

As to plaintiff's request for monetary relief, he states he wants compensation for pain and suffering and mental anguish.  The only claim which plaintiff alleges caused him any physical harm was the claim that the food servers did not wear hair nets.  Plaintiff alleges that this caused him to "miss several meals" and "lose weight."  Since plaintiff does not allege any physical harm resulted from his other claims, it appears the only reason he requests monetary relief for them is based on his claim of mental anguish.

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages.  42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury.").  The Fifth Circuit has determined that the "physical injury" required by section 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997).

---

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff's allegations fall squarely within the scope of section 1997e(e). Without the alleged mental and emotional anguish, plaintiff has asserted no harm with respect to any claim other than the food service. In light of plaintiff's failure to allege any resulting physical injury from these claims even when required by the Court's Questionnaire to plead his harms with factual specificity, these claims are barred by plaintiff's inability to fulfill the statutory requirement.

As to plaintiff's food service claim, although instructed by question no. 6 of the Court's Questionnaire to plead with factual specificity and tell how he was harmed, plaintiff's entire allegation in this respect is that he "ate less and lost weight physical suffering[4]." Nevertheless, even if plaintiff's allegation is sufficient to allege more than *de minimis* injury, *see, Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997), plaintiff has not alleged facts showing exhaustion of administrative remedies.

Although advised by the Texas Commission on Jail Standards and by this Court's prisoner civil rights complaint form that he must exhaust administrative remedies, including the appeals process, plaintiff does not plead facts showing such exhaustion.

By his March 19, 2004 response to question no. 5 of the Court's Questionnaire, plaintiff lists the grievances he submitted as follows: (1) a grievance submitted on or after May 25, 2003 concerning the food being served by persons not wearing gloves or hair nets; (2) a grievance submitted on July 15, 2003, concerning the service of the meals, the lack of sufficient officers to take inmates to recreation, and the fact that the jail had recently become overcrowded; and an August 27, 2003 grievance concerning the refusal of law library privileges because

---

[4] See page 2 of plaintiff's March 19, 2004 response to question no. 6 of the Court's Questionnaire.

4

plaintiff had appointed counsel.  Plaintiff says he did not receive a response to his first two grievances and, after the third grievance, began to write letters to the Texas Jail Standards Commission.  At no point does plaintiff indicate he ever filed an appeal for any of his grievances.

By choosing to file suit concerning his additional claims before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled.  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).  Consequently, plaintiff's food service claim lack an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

It is HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff NICHOLAS D. GWYN is DISMISSED AS MOOT, AS BARRED BY TITLE 42, UNITED STATES CODE, SECTION 1997e(e), and WITH PREJUDICE AS FRIVOLOUS.

IT IS SO ORDERED.

ENTERED this   20th   day of October, 2005.

/s/ Mary Lou Robinson  
MARY LOU ROBINSON  
UNITED STATES DISTRICT JUDGE